IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HENRY S. ALDEGUER,

        Petitioner,        Civil No. 06-451-TC

        v.                      FINDINGS AND
                                  RECOMMENDATION
                                  AND ORDER

STATE OF OREGON,

        Respondent.

COFFIN, Magistrate Judge.

    On April 19, 1999, petitioner pled guilty to five counts of Rape in the First Degree and Sexual Abuse in the First Degree and was sentenced to 400 months imprisonment. Respondent's Exhibit 101.

    Petitioner's convictions were affirmed in an appellate

1 - FINDINGS AND RECOMMENDATION and ORDER

Judgment entered March 29, 2000. Respondent's Exhibit 104. Petitioner did not seek review by the Oregon Supreme Court.

Petitioner filed a Petition for Post Conviction Relief on December 28, 2001, Respondent's Exhibit 106, but the Malhuer County Circuit Court denied relief on April 8, 2003. Respondent's Exhibit 105 (at Docket entries 50 and 51). An appeal of that judgment was pending at the time petitioner filed his petition in this proceeding, See Respondent's Exhibit 107.[1]

Petitioner moved the criminal trial court "for performance of DNA testing" on January 6, 2006, but the court denied the motion. Respondent's Exhibit 102 (at Docket entries 50, 59-60). Petitioner appealed the denial, but the Oregon Court of Appeals dismissed petitioner's appeal for lack of prosecution in a judgment dated May 2, 2006. Respondent's Exhibit 108 (at Docket entries 12-14). Petitioner did not seek review by the Oregon Supreme Court.

Petitioner filed his petition in this proceeding on March 31, 2006.

Respondent moves to deny petitioner's petition and

---

[1]The PCR appeal concluded in July, 2006. See, Response to habeas petition (#12) p. 1.

2 - FINDINGS AND RECOMMENDATION and ORDER

dismiss this proceeding on the ground that petitioner did not file his federal habeas corpus petition in the time allowed by 28 U.S.C. § 2244.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, amended 28 U.S.C. § 2244 to provide a limitations period for filing federal habeas corpus petitions. Under § 2244(d) as amended, a petitioner now has one year from the date a direct appeal is final to file a federal habeas corpus. The one year limitations period is tolled during the time a state collateral proceeding is pending. Time elapsed after the final judgment and before a collateral filing, and time after final collateral disposition and before federal filing counts against the year. Nino v. Galaza, 183 F.3d 1003, 1006-7 (9th Cir. 1999).

In this case, petitioner's direct appeal was final in the state appellate court on March 29, 2000. However, following the Ninth Circuit's ruling in Bowen v. Roe, 188 F.3d 1157 (1999), the statute of limitations does not begin to run until petitioner's time to seek certiorari from the United States Supreme Court has expired. Therefore, in calculating the limitations period, it is appropriate to add an additional 90

3 - FINDINGS AND RECOMMENDATION and ORDER

to the date of the appellate judgment. Thus, the statute of limitations began to run on petitioner's claim on June 27, 2000.

Petitioner had one year from June 27, 2000, excluding any time during which a state post-conviction case was pending, to file a federal habeas corpus petition. Petitioner did not file his state petition for post-conviction relief until December 28, 2001. Thus, tolling based on pending collateral proceedings does not apply under the circumstances of this case. In other words, the statute of limitations for filing a federal petition had already expired before petitioner filed his state post conviction proceeding.

In order to be timely petitioner had until June 27, 2001 to file his petition. As noted above, petitioner filed his petition in this proceeding on March 31, 2006. Thus, the petition was not filed within the limitations period of 28 U.S.C. § 2244(d).

The AEDPA's limitations period may be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file a petition on time. <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999). In order to establish entitlement to tolling of the § 2241(d)(1) limitations period,

4 - FINDINGS AND RECOMMENDATION and ORDER

a petitioner must demonstrate that extraordinary circumstances beyond the prisoner's control made it impossible to file the petition on time. <u>Allen v Lewis</u>, 255 F.3d 798, 799 (9th Cir. 2001); <u>see also</u>, <u>Green v. White</u>, 223 F.3rd 1001, 1003 (9th Cir. 2000). Petitioner in this case has not established either circumstances.

Based on all of the foregoing, I find that petitioner's claim for habeas corpus relief is barred by the statute of limitations set forth in 28 U.S.C. § 2244(1). Petitioner's Amended Petition (#1) should be denied and this proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right

5 - FINDINGS AND RECOMMENDATION and ORDER

to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

Petitioner's "Motion to re-set petitioner's u/a deadline" [not later than March 28, 2007] (#27) is denied as moot.

DATED this 2 day of May, 2007

_____
Thomas M. Coffin
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION and ORDER